UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**DEGO ABDI**

    Plaintiff,

    v.

**INFIDELS, LLC, and MAFIAOZAS FRANKLIN, LLC,**

    Defendants.

Case No.

Judge

Jury Demand

## **COMPLAINT**

Plaintiff Dego Abdi ("Plaintiff" or "Abdi") files this lawsuit against Defendants Infidel's LLC, Mafiaoza's Franklin, LLC, for violating 42 U.S.C. §1981 (collectively "Defendants"), for employment discrimination based on Plaintiff's black race, her Somali nationality, and for her Muslim faith, violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and for breach of contract.

Defendants engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights. Plaintiff seeks to recover compensatory and punitive damages from Defendants as allowed under 42 U.S.C. § 2000e et seq., and in subsection (b) of 42 U.S.C. §1981a, designating as prevailing party, attorney's fees, and costs of litigation under 42 U.S.C. §1988 and any other equitable relief as the Court deems is appropriate.

1

Complaint

## PARTIES

1. Plaintiff Dego Abdi is a citizen and resident of Nashville, Davidson County, Tennessee, and a former employee of Infidel's LLC and Mafiaoza's Franklin, LLC (collectively "Mafiaoza's").

2. Defendant Infidel's LLC is a restaurant business organized and existing under the laws of the State of Tennessee.

3. Defendant Mafiaoza's Franklin, LLC is a restaurant business organized and existing under the laws of the State of Tennessee.

4. Defendant Michael P. Dolan ("Dolan") is a co-owner of both Infidel's LLC and Mafiaoza's Franklin, LLC.

5. Dolan is Chief Manager and personally directed Plaintiff's work throughout her tenure.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §1331 as this civil action involving a federal question.

7. Venue is proper under 28 U.S.C. §1391.

8. Plaintiff has met all conditions precedent to the filing of this complaint. Plaintiff timely filed a charge of discrimination with the U.S. Equal Opportunity Commission as to her Title VII claims on August 2, 2023. (Attachment 1).

9. Plaintiff received her right to sue notice on November 3, 2023, and this Complaint is timely filed within 90 days.(Attachment 2).

## FACTUAL ALLEGATIONS

10. Plaintiff is a black Muslim woman from Somalia.

11. Ms. Abdi applied for the position of General Manager of Mafiaoza's, Franklin, LLC.

2

Complaint

12. Mafiaoza's Franklin closed during the pandemic and the new general manager would oversee the re-opening of the restaurant.

13. Plaintiff interviewed with John Long ("Long") on January 4, 2022. Long informed Abdi that there would be two management positions at Mafiaoza's, a general manager and a support manager.

14. Ms. Abdi interviewed for a second time on January 10, 2022, with Defendant Dolan.

15. During this second interview, Dolan asked Plaintiff where she was from, to which she responded that she was from Somalia.

16. Dolan then asked her if she was Christian or Muslim, to which she responded that she was Muslim.

17. On January 12, 2022, Ms. Abdi accepted the position and signed a contract. The contract stated, among other things, that Abdi would be working for both Mafiaoza's 12 South and Mafiaoza's Franklin, would receive 10 PTO/vacation days a year, health insurance benefits, and would receive a $600 bonus for passing a health inspection.

18. All decisions including approved PTO, management, and pay would be made by Dolan.

19. Mafiaoza's Franklin opened for business on March 18, 2022.

20. On or about May 20, 2022, the kitchen manager/support manager for Mafiaoza's Franklin quit without notice, leaving Plaintiff to handle all management jobs without assistance.

21. From this point on, Plaintiff was regularly working 6 days a week at the restaurant and doing administrative work on the one day a week the restaurant was closed.

22. On May 25, 2022, Plaintiff asked co-owner Lars Kopperud for a raise in compensation until the position of kitchen manager/support manager was replaced.

23. On May 27, 2022, Dolan, in response to her request to Mr. Kopperud, asked Ms. Abdi about her interest in additional compensation or a pay increase.

24. On May 27, 2022, Plaintiff also informed Mr. Dolan and Mr. Long that the door to the restaurant freezer was not in compliance and needed to be replaced.

25. On May 27, 2022, Plaintiff expressed that she was feeling overworked.

26. On May 27, 2022, Plaintiff expressed that she would like the same treatment as that given to the managers at the 12 South location.

27. On May 27, 2022, Dolan told Plaintiff that he was suing the United States federal government regarding the PPP Loan he received because he saw no reason that blacks, women, minorities and vets should receive priority over him as a white male.

28. On June 3, 2022, Plaintiff learned that the restaurant had passed a health inspection, but that she would not be paid the bonus as promised under her contract until the next year.

29. On June 8, 2022, Plaintiff asked Infidels' accountant Carson about monthly manager meetings, which included managers at her level and below, being held at 12 South and learned that she was being excluded from the meetings.

30. Mafiaoza's did not inform Plaintiff of these meetings, even when they concerned events at the Franklin location.

31. On June 15, 2022, Plaintiff again told Mr. Dolan about the freezer door.

32. On June 15 2022, Plaintiff expressed again her burn out fatigue and mistreatment compared to her counterparts at 12 South.

33. On June 15 2022, Mr. Dolan told Plaintiff he would give her a raise of $1,000.00 a month and assured her they would hire a support manager to assist her.

34. On June 30, 2022, Plaintiff informed Mr. Dolan that event gratuities were going to administration fees instead of to the servers.

35. On July 8, 2022, Plaintiff asked Mafiaoza's accountant, Carson Boyd, about the pay raise, which had not yet been included in her paycheck.

36. On July 18, 2022, Plaintiff informed Mr. Long that she had Covid, but was ordered to come to work anyway.

37. On July 19, 2022, the events manager Angie Smith saw Plaintiff and recognized that she was too sick to work and told her to go home. Plaintiff continued to work from home handling communications, coordination, and other similar work.

38. Mr. Long called Plaintiff on July 21, 2022, to ask her if she was able to return to work onsite. Mr. Long told her that her pay raise would be processed on the upcoming check.

39. July 29, 2022, Mafiaoza's hired a kitchen manager to assist Plaintiff. This new kitchen manager, Jeffrey Brown, worked for 3 hours on his first day before quitting.

40. August 3, 2022, Mr. Long gave Plaintiff a new additional responsibility of handling Franklin's payroll and told Plaintiff she certainly gets paid well enough to do it.

41. Plaintiff had a family wedding to attend to in October of 2022. She asked Mr. Long if she could use a vacation day to attend the wedding in the first week of September. She asked him again for PTO on September 26, and again on October 3—the week of the wedding.

42. Plaintiff ended up working the day of the wedding.

43. Plaintiff sent multiple kitchen manager/support manager candidates to Mr. Coppered, Mr. Long, and Dolan that were ignored.

5

Complaint

44. In the middle of September, the kitchen manager for Mafiaoza's 12 South notified the company that he was quitting his job.

45. Mr. Dolan then told Plaintiff that she was to continue looking for a kitchen manger, but to find someone to float between the 12 South and Franklin Mafiaoza's.

46. Plaintiff recommended a kitchen manager candidate, a black male, and during the interview process, Mr. Dolan insulted this candidate and did not hire him.

47. Plaintiff was excluded from a manager meeting about the Pilgrimage Festival activities despite the event taking place across the street from Mafiaoza's Franklin. Employees from Mafiaoza's 12 South were to come to Franklin to help with the restaurant.

48. On September 2, 2022, Plaintiff went to a funeral in Alabama where she was able to get a 12 South manager, Mary, to cover one day. Plaintiff was back promptly on September 3 and back to work.

49. During Plaintiff's short time away, she was answering calls from Mary to help with questions and concerns about restaurant operations.

50. On September 16, 2022, Plaintiff was able to take two days off and get Mary to cover managing the Franklin restaurant on Friday 16th and Saturday 17th before returning to work on the afternoon of Sunday the 18th.

51. Pilgrimage Festival was September 24 and 25, 2022.

52. Pilgrimage Festival is held across the street from the Mafiaoza's Franklin and is one of the restaurant's busiest days.

53. Employees form the 12 South restaurant were brought in to provide extra help.

54. The majority of the Mafiaoza's 12 South employees, however, were drinking to intoxication while on the clock and three had to be sent home for their unruly behavior.

55. Mr. Dolan, Mr. Long, and Mr. Boyd were also drinking to intoxication at the Franklin restaurant during Pilgrimage.

56. Plaintiff alone was left to manage the entire day by herself.

57. Afterwards, Mr. Long asked Plaintiff to give the drunk 12 South employees a larger percentage of the acquired tips than those given to the Franklin staff.

58. Following this event, Plaintiff complained about her working conditions to Mr. Long. She complained that she was often working 14 hour days without help.

59. Plaintiff complained that she was opening and closing the restaurant and performing prep and cleaning tasks generally performed by hourly employees.

60. She pointed out that none of the managers, all of whom were white, at the 12 South restaurant had to work under such conditions.

61. On October 3, 2022, Plaintiff reminded Mr. Long that she wanted approval for PTO to attend her family wedding.

62. Ms. Abdi was able to attend the ceremony, but given on other time off.

63. On October 6, 2022, Mr. Long let Ms. Abdi know that they would not be hiring a Kitchen Manager to assist her.

64. There were at least five managers working at the Mafiaoza's 12 South.

65. On October 14, 2022, Plaintiff burned her arm on a pizza oven. She asked to leave work to get treatment and was denied. She was not provided any workers compensation benefits and left with a large permanent scar.

66. On November 2, 2022, Plaintiff again asked Dolan if they would fix the door of the walk-in freezer.

67. On November 24, 2022, Mr. Dolan texted Plaintiff "we're coming back," indicating that the restaurant was improving its financial position.

68. At the beginning of December, Ms. Abdi asked Mr. Dolan for PTO before the end of the year.

69. Mr. Dolan asked her how the restaurant would run without her there and denied PTO.

70. Mr. Long then assured her that her 2022 PTO would be rolled over to 2023.

71. On December 6, 2022, Ms. Abdi again asked about the restaurant health score bonus of $600 she had earned in June.

72. For the entire year of 2022, Ms. Abdi was denied her requests for PTO.

73. Mafiaoza's paid white managers bonuses in a timely manner.

74. Mafiaoza's allowed white managers vacation days using their PTO.

75. Mafiaoza's allowed white managers to take time off for medical and personal reasons.

76. Mafiaoza's held regular management meetings with white managers and did not invite Ms. Abdi to attend.

77. Mafiaoza's required Plaintiff to clean grease traps rather than bringing in an outside service in violation of Tennessee and Williamson County regulations.

78. On May 22, 2023, Mr. Dolan told Plaintiff to fire all of the staff at the Franklin location.

79. Of the Franklin employees, Plaintiff was told to fire, Mafiaoza's rehired at least two of the white employees to work at the 12 South location and did not rehire any of the minority employees.

80. Following this meeting, Mr. Dolan would not return any of Ms. Abdi's calls until June 13, 2023, when Ms. Abdi sent him a message through Angie Smith that she would no longer work without pay until he returned her calls.

81. On June 13, 2023, Mr. Dolan returned Ms. Abdi's call.

82. On June 13, 2023, Ms. Abdi expressed concern about not receiving her last paycheck and concern with her job security. She complained that she was working for free.

83. On June 13, 2023, Mr. Dolan told her that she would remain on salary and to "stay put."

84. On June 13, 2023, Mr. Dolan told Abdi that she was "still on the payroll."

85. On June 13, 2023, Mr. Dolan told Abdi that he would look at reimbursing her for unapproved PTO.

86. During a later phone call on June 13, 2023, Carson Boyd said that she would not be removed from payroll "without official notice."

87. Ms. Abdi was ordered to continue working until after an event on June 20, 2023. Ms. Abdi was ordered to perform all of the preparation for this event, including cleaning all of the bird feces from the patio, without any assistance.

88. Ms. Abdi objected to cleaning the patio without any assistance since it was a two person job.

89. Mafiaoza's did not pay Ms. Abdi for her work from June 5, 2022, through June 22, 2023.

90. Mr. Dolan informed Ms. Abdi via text message that June 22, 2023 would be her last day.

91. Mafiaoza's still owes Ms. Abdi $6,250.00 for this final two weeks of work.

92. The white employees who worked during this period to plan and manage the event at Mafiaoza's Franklin were paid for their work.

## CAUSES OF ACTION

### COUNT I: RACE AND NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII

93. Based on the conduct described in this Complaint, Defendants are liable for discrimination based on race in violation of Title VII.

94. Based on the conduct described in this Complaint, Defendants are liable for discrimination based on national origin in violation of Title VII.

95. Defendants have subjected Plaintiff to a denial of employment, hostile work environment and harassment, based on a discriminatory motivation (race and national origin) in violation of Title VII.

96. Plaintiff is a black Muslim Somali woman and therefore a member of a protected class.

97. Plaintiff was objectively qualified for the position of General Manager.

98. Defendants discriminated against Plaintiff in the terms and conditions of her employment because of her race and nationality.

99. Defendants discriminated against Plaintiff by denying her pay and benefits allowed to white employees.

100. Defendants' intentional conduct constitutes reckless indifference to Plaintiff's federally protected rights.

101. Defendants' conduct harmed and caused damage to Plaintiff.

102. The actions described above constitute unlawful harassment, discrimination, and hostile work environment based on race in violation of Title VII.

## COUNT II: DISCRIMINATION UNDER SECTION 1981

103. Defendants denied Plaintiff her enjoyment of all benefits, privileges, terms, and conditions of her New Manager contract.

104. By discriminating against Plaintiff on a daily basis and creating a hostile work environment based on Plaintiff's race, Defendants violated § 1981.

105. By providing Plaintiff fewer financial opportunities than similarly situated white and non-black employees on the basis of their race, Defendants violated § 1981.

106. By terminating, forcing out, and/or deliberately creating disparate working conditions for Plaintiff on the basis of her race, Defendants violated § 1981.

107. Defendant discriminated against Plaintiff in the terms and conditions of her employment because of her race.

108. Plaintiff's race was a motivating factor that prompted Defendants to allow harassment.

109. Defendants discriminated against Plaintiff intentionally.

110. Plaintiff seeks lost wages and benefits, an award for emotional pain and mental anguish, future loss of earning potential, and punitive damages.

111. As a direct and proximate result of such actions, Plaintiff has been, and will be in the future, deprived of income in the form of wages and prospective benefits due to Plaintiffs because of Defendants' conduct.

## COUNT III: RELIGIOUS DISCRIMINATION UNDER TITLE VII

112. Based on the conduct described in this Complaint, Defendants are liable for discrimination based on her Muslim religion in violation of Title VII.

113. The Defendant has subjected Plaintiff to a denial of employment, hostile

work environment and harassment, based on a discriminatory motivation (religion) in violation of Title VII.

114. Plaintiff is a Muslim woman and therefore a member of a protected class.

115. Plaintiff was objectively qualified for the position of General Manager.

116. Defendant discriminated against Plaintiff in the terms and conditions of her employment because of her religion.

117. Defendants' intentional conduct constitutes reckless indifference to Plaintiff's federally protected rights.

118. Defendants' conduct harmed and caused damage to Plaintiff.

119. The actions described above constitute unlawful harassment, discrimination, and hostile work environment based on race in violation of Title VII.

### COUNT VI: BREACH OF CONTRACT

120. Defendant breached the contract Ms. Abdi entered into upon her acceptance of employment titled "New Manager Employment Offer."

121. Under the first paragraph of the contract, Mafiaoza's was to pay Ms. Abdi a salary for her work.

122. Mafiaoza's breached this contract by failing to pay Ms. Abdi for her last two weeks of work.

123. Under the second paragraph of the contract, Mafiaoza's was to provide 10 days of paid vacation time per year.

124. Ms. Abdi requested vacation time on multiple occasions and was denied her requests every time in a manner that was not based upon reasonable business conditions and/or considerations.

125. Under the sixth paragraph of the contract, Mafiaoza's was to pay Ms. Abdi an annual Health Department bonus of up to $600.00 for the attainment of any health department score of 93 or above payable in the next regularly scheduled pay period.

126. Ms. Abdi achieved Health Department scores above 93%, but was not paid her bonus in the next regularly scheduled pay period.

## PRAYER FOR RELIEF

Based on the foregoing Plaintiff prays for the following relief:

a. Declaratory judgment as Prevailing party;

b. an award of back pay that includes all forms of compensation and reflects fluctuations in working time, overtime rates, Sunday premium and night work, changing rates of pay, transfers, promotions, and all benefits broadly to include annual leave, sick leave, health insurance, and retirement contributions.

c. reinstatement,

d. front pay if no position available, or a subsequent working relationship between the parties would be antagonistic, or the employer has a long-term resistance to discrimination efforts,

e. prejudgment interest;

f. post-judgment interests

g. Compensatory damages, for past and future pecuniary and non-pecuniary losses;

h. Punitive damages;

i. Reasonable attorneys' fees;

j. The costs and expenses of this action;

k. Amount to offset increased tax liability for lump sum payments;

l. Injunctive relief barring Defendants from undertaking such discriminatory practices against other employees, mandating racial bias training, and taking other such injunctive action as the Court finds appropriate;

m. Such other legal and equitable relief to which Plaintiffs may be entitled.

Respectfully Submitted,

_____
DAVID WEATHERMAN (TBPR 29446)
1242 Old Hillsboro Road
Franklin, TN 37069
615-538-7555
david@theweathermanfirm.com

_____
DANIEL ARCINIEGAS (TBPR #35853)
1242 Old Hillsboro Road
Franklin, TN 37069
629-777-5339
Daniel@AttorneyDaniel.com

Attorneys for Plaintiff,
Dego Abdi