UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DEGO ABDI, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | No. 3:24-cv-00230 |
| INFIDELS, LLC, and MAFIAOZAS FRANKLIN, LLC., | ) ) ) ) |  |
| Defendants. | ) ) |  |

**MEMORANDUM OPINION**

This case arises from Dego Abdi's ("Abdi") allegations that Infidels, LLC ("Infidels") and Mafiaoza's Franklin, LLC ("Mafiaoza's Franklin") breached her employment contract and discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. Before the Court are: (1) Abdi's Motion to Disqualify Counsel (Doc. No. 18) and (2) Infidels' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction or, alternatively, under Rule 12(b)(6) for failure to state a claim (Doc. No. 10). Both motions are ripe for review. For the following reasons, Abdi's motion will be granted and Infidels' motion will be denied without prejudice.

This case started when Abdi applied to be a General Manager for Mafiaoza's Franklin, which has two locations: Franklin and 12 South. (Doc. No. 1 ¶ 17). She interviewed with John Long[1] and Michael Dolan ("Dolan"), who is Infidels' and Mafiaoza's Franklin's co-owner and Chief Manager. (Id. ¶¶ 4, 5). Dolan is also Infidels' counsel of record in this action.

---

[1] The Complaint does not allege what Long's role was at Mafiaoza's Franklin.

Dolan is at the heart of Abdi's allegations of mistreatment and discrimination. Dolan interviewed and hired Abdi, who is Somalian, signed her offer letter, and controlled her salary and benefits. During Abdi's second interview with Dolan alone, he asked her if she was Christian or Muslim. On another occasion, after Abdi told Dolan that she felt "overworked," Dolan told her that he was suing the government because African-Americans, women, minorities, and veterans should not receive priority over him as a white male. (Doc. No. 1 ¶¶ 26 and 27). True to his word, when Dolan told Abdi to find candidates to fill a vacancy at 12 South and Franklin, Dolan insulted the African-American candidate during the interview and rejected him for the job. (Id. ¶¶45 and 46). On yet another occasion, Dolan ordered Abdi to fire all of the Mafiaoza's Franklin staff, but later he rehired two white employees but not the African-American employees. Throughout her employment, Abdi complained about working conditions, not being paid correctly, having to work while sick and not receiving worker's compensation benefits. Dolan terminated her in response.

Notwithstanding Dolan's alleged behavior, however, he entered an appearance as counsel of record for Infidels. Abdi responded by filing the instant motion to disqualify Dolan as Infidels' counsel. Infidels opposes the motion because, according to Infidels' Chief Financial Officer, Carson Boyd ("Boyd"), Infidels became defunct "on or about June 5, 2023" and cannot afford to hire new counsel. (Doc. No. 23-1 at 3).

"[A] district court must rule on a motion for disqualification of counsel prior to ruling on a dispositive motion because the success of a disqualification motion has the potential to change the proceedings entirely." Bowers v. Ophthalmology Grp, 733 F.3d 647, 654 (6th Cir. 2013). "[E]ven when a Rule 12(b)(6) motion is involved, a district court should rule first on the motion to disqualify counsel to avoid any chance of infecting the proceedings." Id. at 655 n.5.

Abdi relies upon Rules 1.7 and 3.7 of the Tennessee Rules of Professional Conduct, which govern ethical conduct in the Middle District of Tennessee. L.R. 83.01(c)(6). The Court will address each.

Rule 1.7 does not support disqualification of Dolan. Rule 1.7(a) prohibits lawyers from representing a client "if the representation involves a concurrent conflict of interest." This occurs when:

> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. (Id.)

Disqualification under Rule 1.7(a) requires that a prior attorney-client relationship exist between Abdi and Dolan or his law firm. See Frey v. Prior, 1991 WL 253557, at * 1 (6th Cir. 1991) (plaintiff "lacks standing to assert a claim of conflict of interest against either [defendant] because no attorney client relationship existed between [defendants]"); Hall v. Snow, 2004 WL 3313615, at *2 (M.D. Tenn. Dec. 22, 2004) (Rule 1.7 is not applicable because there is no attorney-client relationship between movant and attorney it moved to disqualify). However, Abdi has not alleged any attorney-client relationship with Dolan or his law firm. Nor are there any allegations or facts in the record to permit an inference suggesting that Abdi and Dolan had an attorney-client relationship. Accordingly, the Court will deny Abdi's motion to the extent she seeks disqualification under Rule 1.7.

On the other hand, the Court agrees that Rule 3.7 requires Dolan to be disqualified because he is a "necessary witness." Rule 3.7 states:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>    (1) the testimony relates to an uncontested issue;
>    (2) the testimony relates to the nature and value of legal services rendered in the case;

3

(3) disqualification of the lawyer would work substantial hardship on the client.

"For a lawyer to be a necessary witness, his testimony must be relevant, material, and unobtainable elsewhere." Tennessee Bank & Tr. v. Lowery, 2012 WL 4849968, at *1 (M.D. Tenn. Oct. 11, 2012); State v. Spears, 2018 WL 3528315, (Tenn. Crim. App. Jul. 23, 2018) (applying same definition). A necessary witness is one who is "integrally involved" in the issues giving rise to the claims, Wyndham Vacation Ownership, Inc. v. Vacation Transfers Unlimited, LLC., 2019 WL 13131176, at * 4 (M.D. Tenn. Oct. 21, 2019), and has personal knowledge "of any of the facts, transactions, or occurrences" giving rise to the claims in this case, Natural Resources Defense Council, Inc. v. County of Dickson, Tenn., 2010 WL 5300871, (M.D. Tenn. Dec. 20, 2010). "[A]n attorney is a necessary witness for purposes of Rule 3.7(a) only if there are things to which he will be the only one available to testify." Tennessee Bank & Tr. 2012 WL 4849968 at *1.

There is no question that Dolan is a necessary witness in this case. Abdi's allegations make very clear that Dolan has unique personal knowledge regarding Abdi's allegations that he mistreated and discriminated against her. His personal knowledge includes employment decisions on hiring, pay, benefits, workplace conditions, and why *he* terminated Abdi and denied her salary increases and benefits. He is at the heart of Abdi's discrimination and breach of contract allegations. Dolan was also integrally involved in the issues in this case because he interviewed and hired Abdi; controlled her salary and benefits; terminated her, and made discriminatory remarks to Abdi, signed her offer of employment letter contract, which is central to her breach of contract and § 1981 claims. Abdi has sufficiently alleged facts that make Dolan a necessary witness.[2]

To avoid Dolan's disqualification, Infidels relies on the "substantial hardship" exception in

---

[2] Abdi's allegations may implicate Dolan personally. Tenn. Code Ann. § 48-217-101(a)(3).

Rule 3.7(a)(3). According to Boyd, losing Dolan would create a substantial hardship because Infidels is no longer in business and has no assets to pay for counsel. (Doc. No. 23-1). However, the Tennessee Secretary of State's public website lists Infidels as an active limited liability company.

https://tnbear.tn.gov/Ecommerce/FilingDetail.aspx?CN=111084094057097248161249177064110248044250056045. A close reading of Boyd's affidavit does not establish that Infidels is without assets. Boyd's conclusory statements that Infidels lacks financial resources to hire a lawyer are not supported. Although he claims that Infidels' "sales" are fifty percent of its pre-covid "sales," "sales" are not the measure of a business' solvency and Boyd offers nothing on Infidels' gross profits or net profits. The Court finds there is no factual basis to apply the substantial hardship exception in this case. Even if Infidels presented factual support for its financial hardship argument, there is substantial legal precedent that the Court would likely reject that argument. See, e.g., Daniels v. City of Wyoming, 2016 WL 1384827, at *1 (S.D. Ohio 2016) ("Ohio caselaw indicates that financial hardship ordinarily does not constitute a substantial hardship for purposes of Rule 3.7(a)(3)."); MacArthur v. Bank of New York, 524 F.Supp. 1205, 1210 (S.D.N.Y. 1981) ("But if the expense and delay routinely incident to disqualification satisfied the substantial-hardship exception, that exception would soon swallow the rule."); Jones v. City of Chicago, 610 F.Supp. 350, 361 (N.D. Ill. 1984) ("[A] lawyer's long standing relationship with a client, involvement with the litigation from its inception, or financial hardship to the client are [not] sufficient reasons to invoke the 'substantial' hardship exception to the advocate-witness rule."), rev'd on other grounds, 856 F.2d 985 (7th Cir. 1988).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE